UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                   )
The Hilb Group, LLC                )
                                   )
and                                )
                                   )
The Hilb Group of New England,     )
LLC,                               )
                                   )
         Plaintiffs,               )
                                   )
      v.                           )    CA No. 18-00555 WES
                                   )
Baruch Rabinowitz,                 )
                                   )
         Defendant.                )
_____)
```

**MEMORANDUM AND ORDER**

<u>William E. Smith</u>, Chief Judge.

   Before the Court is Defendant's Objection, ECF No. 19, to Magistrate Judge Lincoln Almond's Report and Recommendation ("R&R"), ECF No. 18, regarding Defendant's Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b)2, Fed. R. Civ. P., or for an order transferring the case to the Eastern District of New York pursuant to 28 U.S.C. § 1404. ECF No. 6. For the reasons that follow, Defendant's Objection is OVERRULED in part and GRANTED in part, and the Court ACCEPTS and ADOPTS the R&R in part and MODIFIES in part pursuant to 28 U.S.C. § 636(c).

I. Discussion

When a party objects to a report and recommendation, the Court reviews the specific challenges de novo. 28 U.S.C. § 636(b)(1)(C); see United States v. Raddatz, 447 U.S. 667, 673-74 (1980). The objecting party, however, is not permitted to raise new arguments that were not raised before the magistrate judge. Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990–91 (1st Cir. 1988).

Here, the R&R recommended denying the Defendant's motions. See R&R 1. In the Objection, Defendant alleges that the R&R is in error because:(1)Plaintiff's claims do not arise out of or relate to Defendant's Rhode Island activities; (2)Defendant did not purposefully avail himself of the privileges of conducting business in Rhode Island; (3) the "Gestalt" factors favor the Defendant; and (4) Defendant has properly identified two key witnesses who are unwilling to travel to Rhode Island for trial. Obj. to R&R ("Obj.") 2.

The Court concludes that Defendant's objections are without merit. First, contrary to Defendant's allegations, Plaintiff's claim is related to Defendant's in-forum contacts. See Obj. 2. As the R&R explains, for breach of contract cases, "relatedness is established if the defendant's contacts with the forum 'were instrumental either in the formation of the contract or in its breach.'" R&R. 8 (quoting Phillips Exeter Acad. v. Howard Phillips

2

Fund, Inc., 196 F.3d 284, 289 (1st Cir. 1999)). The Defendant is correct that the R&R relies in part upon allegations that are arguably not well—plead or relevant. See R&R 9. The R&R states that Defendant interviewed for the job in Rhode Island, and that the Non—Solicitation agreement in question was formed by THG-NE in Rhode Island. Id. These allegations were not, however, stated in the Complaint or supplemental filings and therefore cannot be considered a well—plead fact that the Court must accept as true.[1] See Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994) (stating that "[the court] draw[s] the facts from the pleadings and the parties' supplementary filings . . . taking facts affirmatively alleged by plaintiffs as true."). There was therefore no well-plead evidence that this was a job interview or that the Non-Solicitation Agreement was "formed, at least on THG-NE's end" during this meeting. See R&R 9.

Even if these allegations can be considered well—plead facts, they are irrelevant for the purposes of establishing relatedness

---

[1] Plaintiff did not make any allegations that a job interview or contract negotiation occurred in Rhode Island until his reply memorandum to Defendant's Motion to Dismiss. See Reply Memo. 12, ECF No. 15. These allegations need not be considered because legal memoranda are not similar to supplemental filings such as affidavits. See Ticketmaster, 26 F.3d at 203. The declaration made by Joseph Padula attached to Plaintiff's reply to Defendant's motion to dismiss need not be considered for the same reason. See id.

3

and the R&R's partial reliance upon them is improper. See Phillips Exeter, 196 F.3d at 289.[2]

Nevertheless, the R&R correctly states that the alleged breach of contract occurred in Rhode Island such that the relatedness requirement is satisfied. See R&R 9. The alleged breach occurred in Rhode Island because Defendant allegedly purposefully stole clients that belonged to Plaintiff, directly injuring Plaintiff in Rhode Island.[3] See Hugell v. McNell, 886 F.2d 1, 4 (1st Cir. 1989) (stating that personal jurisdiction is proper when an intentional and harmful action from an out-of-state defendant is directed at the forum state, and the defendant knows that the plaintiff will be harmed by the action in the forum state).[4] Since the breach occurred in Rhode Island, Plaintiff's claim arises out of, or relates to, the Defendant's Rhode Island activities. See Phillips Exeter, 196 F.3d at 289.

---

[2] The job interview is not related to the formation or the breach of the separate Non-Solicitation Agreement in question. Moreover, a contract that was formed by the Plaintiff in the forum state, but not by Defendant, is irrelevant for determining if the Defendant's contacts are related to the claim. See Phillips Exeter, 196 F.3d at 289.

[3] The allegedly stolen clients' physical presence in New York is not relevant considering that they were maintained and serviced from Rhode Island and the clients' made insurance payments to the Rhode Island office. See Compl. 9.

[4] The Non-Solicitation Agreement that Defendant signed indicated that any violation of the agreement would cause "irreparable harm" to Plaintiff, whom Defendant knew to operate in Rhode Island. See Compl. Ex. A 2, ECF No. 1-1.

4

The Court therefore modifies the R&R to exclude any language that the contract was negotiated or formed by Defendant in Rhode Island but overrules Defendant's first objection.[5]

Second, Defendant purposefully availed himself to the privilege of conducting business in Rhode Island. To demonstrate purposeful availment, the Plaintiff must show that "defendants voluntarily took action that made it foreseeable they might be required to defend themselves in court in [the forum state]." PFIP, LLC v. Planet Fitness Enter., Inc., No. Civ.04-250-JD, 2004 WL 2538489, at *7 (D.N.H. Nov. 10, 2004) (citing Jet Wine & Spirits, Inc. v. Bacardi & Co., 298 F.3d 1, 11 (1st Cir. 2002)). Here, Plaintiff demonstrated that Defendant received benefits from employment in Rhode Island, corresponded daily and extensively with the Rhode Island office via email and telephone, relied heavily on Rhode Island employees for job- related tasks, and visited the Rhode Island office six times for work. See R&R 10. These voluntary actions made it foreseeable for Plaintiff to be hauled into court in Rhode Island. See Brian Jackson & Co. v. Eximias Pharm. Corp., 248 F. Supp. 2d 31, 36-73 (D.R.I. 2003) ("[c]ourts in this and other circuits have recognized . . . that Internet-based

---

[5]Defendant's reliance on Microfibres, Inc. v. McDevitt-Askew, 20 F. Supp. 2d 316, 321 (D.R.I. 1998), is misplaced. See Obj. 12. The contract in that action did not involve allegedly stealing clients directly from a Rhode Island corporation. See Microfibres, 20 F. Supp. 2d at 321 (emphasis added).

5

contacts, such as e-mail communications, particularly when coupled with other more traditional contacts, offer compelling grounds for the assertion of personal jurisdiction over a non-resident defendant"). Plaintiff therefore adequately demonstrated that Defendant purposefully availed himself of the privileges of conducting business in Rhode Island and Defendant's second objection is overruled.

Third, the Defendant has not demonstrated that any of the "Gestalt" factors weigh in his favor. These factors include:

> (1) the defendant's burden of appearing [in the forum state]; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies.

R&R 11; see also Ticketmaster-New York, 26 F.3d at 210 ("[T]he weaker the plaintiff's showing on the first two prongs... the less a defendant need show in terms of unreasonableness to defeat jurisdiction"). Plaintiff has a strong case on the first two prongs. Thus, Defendant must meet a higher burden in demonstrating that the Gestalt factors weigh in his favor. See Ticketmaster-New York, 26 F.3d at 210. Defendant has not met this burden. See Memo. In Supp. of Def. Mot. to Dismiss 13, ECF No. 6-1. First, he overstates the difficulty he faces in appearing in Rhode Island, especially when considering the ease of modern transportation. See id.; Pritzker v. Yari, 42 F.3d 53, 64 (1st Cir. 1994). Conversely,

6

Defendant understates the importance of Rhode Island's interest in adjudicating a case where a Rhode Island plaintiff is injured. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473(1985) ("A State generally has a manifest interest in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors."). Similarly, the third factor weighs in the Plaintiff's favor because it is plainly more convenient for Plaintiff to litigate in Rhode Island. See Sawtelle v. Farrell, 70 F.3d 1381, 1395 (1st Cir. 1995).[6] Therefore, even if Defendant is burdened by appearing in Rhode Island, as he alleges, that burden is not so "special or unusual" that it can overcome the other two factors that weigh in Plaintiff's favor. See Pritzker, 42 F.3d at 64. The "Gestalt" factors, therefore, favor Plaintiff and Defendant's third objection is overruled.

Finally, the Court agrees that Defendant has properly identified two witnesses who are unwilling to appear in Rhode Island for trial. See Reply to Resp. Memo. 11, ECF No. 16. The R&R is therefore modified to exclude any language that implies Plaintiff has not properly identified material witnesses who are unwilling to travel to Rhode Island.

---

[6] As the R&R correctly noted, neither the fourth nor fifth "Gestalt" factor have a strong impact on the analysis. See R&R 12-3.

However, the Court still adopts the R&R's decision to deny the transfer of venue request. Defendant has not proffered evidence strong enough to overcome the presumptive validity this Court must give to Plaintiff's choice of venue. See Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000). Defendant complains that two witnesses would be unwilling to voluntarily travel to Rhode Island for trial. See Objection 2. But, as the R&R explains, transferring this case to New York would merely shift the burden from Defendant to Plaintiff, who's principle witnesses and evidentiary documents are in Rhode Island. See R&R 14. Such burden shifting does not justify a transfer, particularly considering the deference this Court must give to Plaintiff's choice of venue. See Eximias, 248 F. Supp. 2d at 38. ("Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient.")(citing Van Dusen v. Barrack, 376 U.S. 612, 645-46 (1964)). The R&R's conclusion regarding transfer of venue is therefore not adversely impacted by Defendant's valid objection.

II. Conclusion

For the foregoing reasons, Defendant's Objection, ECF No. 19, to the R&R on Defendant's Motion to Dismiss or Request for Transfer of Venue is OVERRULED in part and GRANTED in part. The Court ACCEPTS and ADOPTS the R&R in part, and MODIFIES the R&R in part, pursuant to 28 U.S.C. § 636(c). Accordingly, the Defendant's

Motion to Dismiss for Lack of Personal Jurisdiction or for an order transferring venue to the Eastern District of New York, is DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
---
William E. Smith
Chief Judge
Date: August 2, 2019